UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR on behalf of the UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Respondents. | No.  2:16-cv-0140 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

     Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of mandamus, but has not submitted a request to proceed in forma pauperis or paid the filing fee.

     Section 1915A of Title 28 U.S.C. requires a court to screen complaints brought by a prisoners against governmental entities or personnel to determine whether the complaints are frivolous, malicious or fail to state a claim.  The undersigned reads the word "complaint" broadly enough to apply to petitioner's requested writ of mandate.  See Red v. Dickinson, 2010 WL 4506309 (N.D. Cal. 2010).

     Kirell Taylor does not name himself as a party to this action; rather he lists the "United States of America, Internal Revenue Service" as plaintiff (with Kirell Taylor as attorney for the United States), and R. Wade as defendant.  His claim is that R. Wade, a social worker in Kern County, "has failed to provide defendant's taxpayer ID number to plaintiff for the purpose of being entitled to the entire amount of federal and state income tax withheld on form 1099 [] that

1

1  must be included in defendant's gross income after she has had 'complete dominion over' the said
2  original issue price of Bettis Kirell Francis's banker's acceptance in the amount of $1,820,000.00
3  i.e., 09% of $2 million." (ECF No. 1 at 3.)
4     There are several reasons why this action may not proceed. First and foremost, Taylor has
5  not named himself as a party and therefore has no standing to bring a suit on behalf of the IRS.
6  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights
7  not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438
8  U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205
9  (1974). Taylor may file an action only on his own behalf.
10    Second, Taylor brings this action under 28 U.S.C. § 1361, seeking a writ of mandamus.
11 28 U.S.C. § 1361 provides for original jurisdiction to compel an employee or agent of the United
12 States to perform a duty owed to plaintiff. Section 1361 does not provide an independent ground
13 for jurisdiction or override other grounds for dismissal based upon jurisdictional defects. Drake
14 v. Obama, 664 F.3d 774, 785 n.5 (9th Cir. 2011). Taylor has named the IRS, an agency of the
15 United States as plaintiff. Defendant is an employee of a county in California. Therefore, this
16 statute is not applicable.
17    Nor can this action be described as an application for writ of habeas corpus.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

23 Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).
24    One reason why Taylor may be trying to proceed with a writ of mandamus rather than a
25 civil rights action is because he has a history of filing frivolous actions, having filed three or more
26 actions which were dismissed as frivolous, malicious or for failing to state a claim upon which
27 relief has been granted. See Taylor v. California Department of Corrections and Rehabilitation,
28 Civ.S. 1:13-cv-1558 AWI DLB PC (taking judicial notice of three prior cases dismissed as

frivolous or for failure to state a claim).  Because Taylor had not shown that he was in imminent danger of serious physical injury in that case, he was found ineligible to obtain in forma pauperis status and was required to pay the $400 filing fee.  Here, Taylor may be attempting to avoid paying the $400 filing fee required in civil actions by filing a petition for writ of mandamus.[1]

Finally, Taylor's claims are virtually nonsensical and frivolous.  It is plain from the petition that Taylor is not entitled to federal habeas relief.  The court can discern no manner in which Taylor could cure the defects of his allegations.  This appears to be one of those relatively rare cases when to grant petitioner further leave to amend would be patently futile.  Therefore, the petition for writ of mandate should be summarily dismissed pursuant to 28 U.S.C. § 1915A.

Accordingly, IT IS ORDERED that the Clerk of the Court is directed to: (1) serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California, and (2) assign a district judge to this case.

IT IS HEREBY RECOMMENDED that Petitioner's application for a writ of mandate be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: February 10, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Tayl0140.R4

---

[1] In this case, Taylor has failed to either pay the filing fee or file a request to proceed in forma pauperis.